## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CIELITO VALENCIA<br>205 Bremerton Drive<br>Huntsville, Alabama 35824<br><br>LUZ SOUTHARD<br>2302 Vialoux Drive<br>Corpus Christi, TX 78418,<br><br>STEVEN EUGENE WOLFE<br>2725 N. Five Mile #19<br>Boise, ID 83617<br><br>SONIA TURNER BROADWAY<br>702 Cahill Road<br>Anglteon Texas 77515<br><br>          **Plaintiffs**,<br><br>      v.<br><br>THE ISLAMIC REPUBLIC OF IRAN<br>Ministry of Foreign Affairs<br>Khomeini Avenue, United Nations<br>Street, Tehran, Iran<br><br>THE IRANIAN MINISTRY OF<br>INFORMATION AND SECURITY<br>Pasdaran Avenue Golestan Yekom<br>Tehran, Iran<br><br>IRANIAN ISLAMIC REVOLUTIONARY<br>GUARD CORPS a/k/a THE PASDARAN<br>Pasdaran Avenue, Golestan Yekom<br>Tehran, Iran<br><br>          **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **CIVIL ACTION NO. _____**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

    Plaintiffs, by counsel, respectfully file this Complaint against Defendants for damages

arising out of the June 25, 1996 terrorist attack on the Khobar Towers complex in Dhahran,

Saudi Arabia. On that day, terrorists sponsored by Defendants detonated a 5,000 pound truck

bomb outside the complex, which housed United States military personnel.  The blast from this

bomb sheared off the entire face of the Khobar Towers complex and shattered windows up to a

half mile away.  The blast killed nineteen Air Force service men and injured many others, some severely.

Plaintiff Cielito Valencia was one of the severely injured servicemen who survived the blast.  Plaintiff Sonia Turner Broadway and Steven Eugene Wolfe also survived the blast, but suffered significant post traumatic stress disorder as a result.  Those three plaintiffs, along with Cielito Valencia's mother, plaintiff Luz Southard, move for judgment against Defendants the Islamic Republic of Iran, the Iranian Ministry of Information and Security ("MOIS"), The Iranian Islamic Revolutionary Guard Corps ("IRGC"), also known as the Pasdaran, jointly and severally, and in support of their Complaint allege as follows:

I.

JURISDICTION, VENUE AND CHOICE OF LAW

1.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1330(a), 1331, 1332(a)(2), and 1605A.

2.  Defendants the Islamic Republic of Iran, the Iranian Ministry of Information and Security and the Iranian Islamic Revolutionary Guard Corps, also known as the Pasdaran, are subject to suit in the courts of the United States pursuant to the Foreign Sovereign Immunities Act, as amended, 28 U.S.C. § § 1605A, 1605 note, and related statutes.

3. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(f)(4). Actions for personal injury and related torts perpetrated by foreign state sponsors of terrorism through their officials, employees and agents fall within the meaning of 28 U.S.C. §1605A generally.

II.

THE PARTIES

4.  Plaintiff Cielito Valencia (hereinafter also referred to as "Valencia") is currently a resident of Alabama at 205 Bremerton Drive, Huntsville, Alabama. At the time he was injured in 1996 he was a resident and domiciliary of Florida, stationed at Eglin Air Force base, before being dispatched for a tour of duty at Dharhan, Saudi Arabia.  Valencia is a United States citizen. He

was at the time of his injury an Airman First Class, supply specialist, rank E-3, with the United States Air Force.

     5.  Plaintiff Luz Southard is the mother of Cielito Valencia.  She resides at 2301 Vialoux Drive, Corpus Christi, TX 78418.  She is a citizen of the United States.

     6.  Plaintiff Sonia Turner Broadway resides at 702 Cahill Road, Angleton, Texas 77515. She legally changed her name when she married.  At the time of the attack, her name was Sonia Lynette White.  She was also a resident of Florida at that time, stationed at Eglin Air Force base.

     7.  Plaintiff Steven Eugene Wolf is currently a resident of Idaho.  He resides at 2725 N. Five Mile # 19, Boise Idaho 83617.  At the time he was a victim of the bomb attack, he was a resident and domiciliary of Florida, stationed at Eglin Air Force Base.  He was an airman first class.

     8.  Defendant the Islamic Republic of Iran (hereinafter also referred to as "Iran"), is a foreign state that has been designated a state sponsor of international terrorism within the meaning of section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. § 2405j) and section 602A of the Foreign Assistance Act of 1961 (22 U.S.C. 2371) since January 19, 1984. The Islamic Republic of Iran had provided and continues to provide material support and resources to Hizballah, a politico-paramilitary terrorist organization. The Islamic Republic of Iran has sponsored and sponsors and has provided and provides material support to Hizballah, within the meaning of 28 U.S.C. § 1605A, and § 1605 note, by providing it with funding, direction and training for its terrorist activities.

     9.  Defendant the Islamic Republic of Iran has already been found to be liable as a foreign state supporting international terrorism under 28 U.S.C. § 1605(a)(7) to victims of state sponsored terrorism for the acts and actions of defendant Hizballah in cases before this Court, including <u>Anderson v. The Islamic Republic of Iran</u>, 90 F. Supp. 2d 107 (D.D.C. 2000), <u>Cicippio v. The Islamic Republic of Iran,</u> 18 F. Supp. 2d 62 (D.D.C. 1998), <u>Higgins v. The Islamic Republic of Iran,</u> Civ. No. 99-377(RCL) (D.D.C. 2000).  Indeed, this Court has already held Iran liable for the same specific act of terrorism at issue in this case–the bombing of the Khobar

Towers– in <u>Blais v. Iran</u>, 459 F. Supp. 2d 40, (D.D.C. 2006) and <u>Heiser v. Iran</u>, 466 F. Supp 2d 229 (D.D.C. 2006).  Accordingly defendant the Islamic Republic of Iran is estopped in this action from denying that it is liable for the acts and actions alleged here.

10.  Defendant the Iranian Ministry of Information and Security (hereinafter also referred to as "MOIS") is the Iranian intelligence service and functions both within and beyond Iranian territory.  MOIS, acting as an agent of the Islamic Republic of Iran, performed acts within the scope of its agency, within the meaning of 28 U. S. C. § 1605A and § 1605 note, that caused the events which gave rise to plaintiffs' injuries.  Specifically, MOIS acted as a conduit for the Islamic Republic of Iran's provision of funds, training and direction to Hizballah for its terrorist activities, including the actions relating to the bomb attack on the Khobar Towers complex of Dhahran, Saudi Arabia on June 25, 1996.

11. Defendant the MOIS has already been found to be liable as a foreign state supporting international terrorism under 28 U.S.C. § 1605(a)(7) to victims of state sponsored terrorism for the acts and actions of defendant Hizballah in cases before this Court, including <u>Anderson v. The Islamic Republic of Iran</u>, 90 F. Supp. 2d 107 (D.D.C. 2000), <u>Cicippio v. The Islamic Republic of Iran,</u> 18 F. Supp. 2d 62 (D.D.C. 1998), <u>Higgins v. The Islamic Republic of Iran,</u> Civ. No. 99-377(RCL) (D.D.C. 2000).  Indeed, this Court has already held that the MOIS is liable for the same specific act of terrorism at issue in this case–the bombing of the Khobar Towers– in <u>Blais v. Iran</u>, 459 F. Supp. 2d 40, (D.D.C. 2006) and <u>Heiser v. Iran</u>, 466 F. Supp 2d 229 (D.D.C. 2006). Accordingly defendant the MOIS is estopped in this action from denying that it is liable for the acts and actions alleged here.

12.  Defendant the Iranian Islamic Revolutionary Guard Corps, also known as Pasdaran, (hereinafter referred to as "IRGC" or "Pasdaran") is a non-traditional agency of the Islamic Republic of Iran. The IRGC, with its own separate ministry, has evolved into one of the most powerful organizations in Iran. The IRGC functions as an intelligence organization, both within and outside the country of Iran. The IRGC exerts considerable influence on the government policies of Iran.  In addition, the IRGC has become a powerful military and paramilitary force for

defending the Islamic fundamentalist revolution and is dedicated to the export of Islamic Fundamentalism principles throughout the world through acts of terrorism. . On September 25, 2007, the House of Representatives passed House Resolution 1400, which stated that the United States should designate the IRGC "as a foreign terrorist organization under Section 219 of the Immigration and Nationality Act...." *Accord*, Senate Amendment 3017, passed September 26, 2007. The IRGC is the agency through which Iran prepared and oversaw the actions relating to the bomb attack on the Khobar Towers of Dhahran, Saudi Arabia on June 25, 1996. The IRGC, acting as an agent of the Islamic Republic of Iran, performed acts within the scope of its agency, each within the meaning of 28 U.S.C. § 1605A, and § 1605 note, as a conduit for the Islamic Republic of Iran's provision of funds, training and direction to defendant Hizballah for its terrorist activities in Saudi Arabia that caused the injuries to the Plaintiffs.

13. Defendant the IRGC has already been found to be liable as an instrumentality of a foreign state supporting international terrorism under 28 U.S.C. § 1605(a)(7) to victims of state sponsored terrorism for the acts and actions of defendant Hizballah in cases before this Court, including Anderson v. The Islamic Republic of Iran, 90 F. Supp. 2d 107 (D.D.C. 2000), Cicippio v. The Islamic Republic of Iran, 18 F. Supp. 2d 62 (D.D.C. 1998), Higgins v. The Islamic Republic of Iran, Civ. No. 99-377(RCL) (D.D.C. 2000). Indeed, this Court has already held the IRGC liable for the same specific act of terrorism at issue in this case–the bombing of the Khobar Towers– in Blais v. Iran, 459 F. Supp. 2d 40, (D.D.C. 2006) and Heiser v. Iran, 466 F. Supp 2d 229 (D.D.C. 2006). Accordingly defendant the IRGC is estopped in this action from denying that it is liable for the acts and actions alleged here.

14. Hizballah was formed by Iran utilizing MOIS and IRGC assets as an organization to export Islamic fundamentalism to other Middle Eastern countries and the world through acts of terrorism, including, but not limited to, the actions relating to the bomb attack in the Khobar section of Dhahran, Saudi Arabia on June 25, 1996. Hizballah, acting as an agent of the Islamic Republic of Iran, performed acts within the scope of its agency, within the meaning of 28 U.S.C. §§ 1605A and 1605 note, that caused the injuries to the Plaintiffs.

III.

STATEMENT OF FACTS

15.  In 1996, plaintiffs Cielito Valencia, Sonia Broadway, and Steven Wolfe were stationed at Eglin Air Force Base in Fort Walton  Beach, Florida, when they were sent on a tour of duty to Saudi Arabia.  They are United States citizens who considered Florida to be their home and place of domicile at that time.  They planned to return to Eglin Air Force Base after their duty in Saudi Arabia.  They were young men and women in excellent health, with their whole lives and careers ahead of them.  While on their Saudi Arabian tour of duty, they were quartered in the al-Khobar section of Dhahran in  multi-story apartment buildings used to house military personnel.

16.  Several years before, the Islamic Republic of Iran had begun a program of carefully planned acts of terrorism designed to destabilize governments in the Middle East and export principles of Islamic fundamentalism. Its principal agents in this regard were the MOIS and the IRGC.

17.  In the early 1980's Iran, through MOIS and the IRGC, established Hizballah in Lebanon as a terrorist organization employing tactics such as kidnapping, torture and murder. The MOIS and the IRGC provided funding, training and equipment to Hizballah enabling it to pursue and achieve its mission of terrorism.  By the early 1990's, the activities of Hizballah were no longer limited to Lebanon.  Hizballah's operatives were now operating in a number of countries utilizing tactics taught to them in Iran and the Bekaa Valley in Lebanon at facilities established, operated and supported by the defendants.  Hiizballah's operatives in Saudi Arabia came to be known as "Saudi Hizballah."

18.  In this period, the presence of United States personnel in Saudia Arabia was viewed by the Iranian government as supportive of a Saudi monarchy, which was closely allied with Western governments. In its view, a large-scale terrorist operation designed to kill Americans would expose the corruption of the house of Al-Saud and result in a revolution and the establishment of an Islamic Republic in Saudi Arabia. The Iranian government, acting through

6

MOIS, IRGC, Hizballah, and Osama bin Laden, began preparations for a bombing of a target associated with American interests.  In 1995, the defendants began months of preparation for such an operation. Hizballah operatives began to scout potential Arabian targets. Small shipments of explosives were smuggled into Saudi Arabia and stored. An elaborate professional intelligence network was established to carry out the mission.

19.  By June of 1996, the bomb components had arrived in Saudi Arabia, including high explosives, incendiary materials, and sophisticated fuses as well as the tools for the bomb assembly. The Defendants selected and approved a target in Dhahran to be detonated by Hizballah agents.

20.  In the evening of June 25, 1996, two men drove a stolen Mercedes Benz tanker truck containing the bomb into the Saudi compound that surrounded the American sector at the al-Khobar military area near Dhahran. They parked the truck 80-100 feet from a building which housed the American personnel. The men drove away in a waiting Chevrolet Caprice, which had also been stolen as a getaway vehicle. A few minutes later, the bomb exploded.  The explosion killed dozens of persons including nineteen American servicemen.  Hundreds of others were injured and burned.  The blast caused structural damage in buildings a quarter mile away.

21.  Plaintiff Valencia was severely injured as a result of the terrorist explosion.  He was taken to a local Saudi civilian hospital initially, and evacuated a few days later to the U.S. military hospital in Landstuhl, Germany.  He has undergone 23 major surgeries and 5 minor surgeries in the years since the attack, in attempts to repair the damage.  He has also suffered severe psychological trauma as a direct result of the blast.  To this day he still receives treatment for post traumatic stress disorder.  He is considered 90 percent disabled by the Air Force.

22.  Plaintiff Sonia Broadway was also injured in the blast, sustaining significant damage to her right foot.  She still suffers from re-occurring shin splints, knee and lower back pain as the result of gait problems since her foot injury.  She has suffered from Post Traumatic Stress Disorder.

23.  Plaintiff Steven Wolfe suffered cuts and bruises, and suffered significant

psychological trauma from the deafening noise, shock, and the sight of so many of his fellow airmen lying wounded and dead in the rubble that had collapsed around them.  To this day, he suffers from Post Traumatic Stress Disorder and receives psychiatric treatment.

24.  All plaintiffs suffered "personal injury" as a result of Defendants' actions and activities as referenced in 28 U.S.C. § 1605A(c) and § 1605 note.

25.  As Valencia's mother, Luz Southard suffered great personal pain and anguish when she first heard of the bombing at the Khobar Towers, and before she learned that her son had survived, some two days later.  She also suffered pain and anguish when she learned of the extent of his injuries, and when she found herself deprived of the company and society of the healthy, optimistic, and ambitious young man her son had been prior to his injury.  She is also entitled to damages for her loss and her pain and suffering pursuant to 28 U.S.C. § 1605A(c) and 1605 note.

## COUNT I

### Action for Personal Injury Under 28 U.S.C. §§ 1605A(c) and 1605 note

26. Plaintiffs incorporate herein by reference paragraphs 1 through 25 above as if fully set forth at length.

27. Defendants intended to and did cause great physical harm, injury, maiming, and death to plaintiffs, and apprehension of those harms to them, by detonating a powerful explosive device in their immediate proximity.  They unlawfully, intentionally, and offensively caused severe personal injury to plaintiff Valencia and personal injury to other plaintiffs through the explosion of an explosive device near their residence quarters, which collapsed into rubble.

28.  As a result of defendants' actions, Plaintiff Valencia suffered severe physical injuries which resulted in great pain and significant disability, which has continued to this day.   He has had to endure 28 surgeries to try to alleviate and correct his physical injuries.  He has also suffered significant psychological trauma in the form of post-traumatic stress disorder, for which he continues to receive treatment to this day.   He has endured great pain and both physical and emotional anguish.  He continues to suffer substantial residual physical and psychological injuries, impairments and deficits.  He is considered 90 percent disabled from gainful

employment by the Air Force.  Plaintiffs Broadway and Wolfe also suffered personal injury and continuing physical and psychological harms, including post traumatic stress disorder.

29.  As a direct and proximate result of the willful, wrongful, intentional, outrageous and reckless actions of Hizballah members, whose acts was funded and directed by the Islamic Republic of Iran and by MOIS and IRGC, Plaintiff Valencia has been severely injured and impaired for life.  As a direct result of the same acts, plaintiffs Broadway and Wolfe have also been impaired for life.  As a direct result of the same acts, plaintiff Luz Southard, Valencia's mother, suffered great emotional anguish, pain and suffering, and is entitled to an award of solatium therefor.

30.  Defendants the Islamic Republic of Iran, MOIS, and IRGC sponsored and provided material support for Hizballah's terrorist activities within the meaning of 28 U.S.C. § 1605A and 1605 note.

31.  Defendants the MOIS and IRGC, acting on their own as well as as agents of the Islamic Republic of Iran, performed acts within the scope of their agency which caused the injuries to plaintiffs and the emotional anguish to Southard within the meaning of 28 U.S.C. § 1605A and 1605 note.

32.  Defendants the Islamic Republic of Iran, the Iranian Ministry of Information and Security, the Iranian Islamic Revolutionary Guard Corps, a/k/a Pasdaran, are jointly and severally liable to plaintiffs because they controlled and acted in concert with Hizballah in sponsoring its terrorist activities in Saudi Arabia.

33.  WHEREFORE, Plaintiffs Cielito Valencia, Sonia Broadway, and Steven Wolfe demand that judgment be entered against Defendants, jointly and severally, for economic damages, solatium, and pain and suffering to compensate them for their injuries, medical expenses, and pain and suffering, in an amount to be determined at trial, but not less than Forty Million Dollars ($40,000,000), to be allocated among them as the Court deems appropriate based on the evidence; and plaintiff Luz Southard demands that judgment be entered against Defendants, jointly and severally, for solatium, pain and suffering to compensate her in the

amount of Ten Million Dollars ($10,000,000).

## COUNT II

### Action for Personal Injury Under State Law

(ASSAULT AND BATTERY)

34.  Plaintiffs incorporate herein by reference paragraphs 1 through 33 above as if fully set forth at length.

35. Defendants intended to and did cause great physical harm, injury, maiming, and death to plaintiffs and their fellow servicemen, and apprehension of those harms to them, by detonating a powerful explosive device in their immediate proximity.  They unlawfully, intentionally, and offensively contacted Valencia's, Broadway's, and Wolfe's bodies through the means of the explosive device in a manner that was intended to injure, maim, and to kill him.

36.  As a result of defendants' actions, Plaintiffs Valencia, Broadway and Wolfe suffered physical injuries.  They continue to suffer residual physical and psychological injuries, impairments and deficits, including post traumatic stress disorder.

37.  As a direct and proximate result of the willful, wrongful, intentional, outrageous and reckless actions of Hizballah members, whose acts was funded and directed by the Islamic Republic of Iran and by MOIS and IRGC, Plaintiffs were injured and impaired for life.

38.  Defendants the Islamic Republic of Iran, MOIS, and IRGC sponsored and provided material support for Hizballah's terrorist activities within the meaning of 28 U.S.C. § 1605A and 1605 note.  Under 28 U.S.C. § 1606, Defendants the Islamic Republic of Iran, MOIS, and IRGC are liable under any applicable source of law for their actions to the same extent as private parties would be liable for the same actions.  Florida law provides causes of action for personal injury by assault and battery to plaintiffs Valencia, Broadway, and Wolfe pursuant to Section 1606.

39.  Defendants the MOIS and IRGC, acting on their own as well as as agents of the Islamic Republic of Iran, performed acts within the scope of their agency which caused the injuries to Valencia within the meaning of 28 U.S.C. § 1605A and 1605 note.

40.  Defendants the Islamic Republic of Iran, the Iranian Ministry of Information and

Security, the Iranian Islamic Revolutionary Guard Corps, a/k/a Pasdaran, are jointly and severally liable to plaintiffs because they controlled and acted in concert with Hizballah in sponsoring its terrorist activities in Saudi Arabia.

41.   WHEREFORE, Plaintiffs Valencia, Broadway and Wolfe demand that judgment be entered against Defendants, jointly and severally, for damages to compensate them for their injuries, medical expenses, and pain and suffering, in an amount to be determined at trial, but not less than Forty Million Dollars ($40,000,000), to be allocated among them as deemed appropriate by the Court based on the evidence.

## COUNT III

## Economic Damages Arising from Personal Injury

42.   Plaintiffs incorporate herein by reference paragraphs 1 through 41 above as if fully set forth at length.

43.   Plaintiffs Valencia, Broadway, and Wolfe incurred economic damages as a result of the injuries they suffered by defendants' assault and battery on their person, and were deprived of income from future employment and employment opportunity.

44.   As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Hizballah members, whose acts were funded and directed by Defendants the Islamic Republic of Iran and by the Iranian Ministry of Information and Security (MOIS), and the Iranian Islamic Revolutionary Guard Corps a/k/a Pasdaran (IRGC), Plaintiffs Valencia, Broadway, and Wolfe incurred economic damages as a result of their physical and psychologiacl injuries and were deprived of income from future employment.

45.   For the reasons stated above, Defendants are jointly and severally liable to Plaintiffs Valencia, Broadway, and Wolfe under Florida law, which is applicable through the operation of Section 1606 of the Foreign Sovereign Immunities Act, and under any other applicable source of substantive law.

46.   WHEREFORE, Plaintiffs Valencia, Broadway and Wolfe demand that judgment be entered against Defendants, jointly and severally, for economic injuries as a result of their assault

and battery in an amount to be determined at trial, but no less than Forty Million Dollars
($40,000,000), to be allocated among those plaintiffs as the evidence may show.

**COUNT IV**

**<u>Intentional Infliction of Emotional Distress</u>**

47.   Plaintiffs incorporate by reference paragraphs 1 through 46 above as if fully set forth
at length.

48.   The act of terrorism in detonating a bomb outside of the Khobar Towers complex in
Dhahran, Saudi Arabia, with the intent to kill and maim Americans and which in fact did kill and
severely injure Americans, including Plaintiffs Valencia, Broadway, and Wolfe, constituted
extreme and outrageous conduct on the part of Hizballah and its supporters, and was intended to
cause severe emotional distress.  The extensive planning and preparation which went into the
attack further underscores the malicious and heinous nature of the terrorism involved, and
demonstrates that it was intended to inflict extreme emotional distress not only on the immediate
victims, but also on their close family members.

49.   As a direct and proximate result of the willful, wrongful, intentional, and reckless
acts of Hizballah members, whose acts were funded and directed by Iran and by the MOIS and
the IRGC, Plaintiffs Valencia, Broadway, and Wolfe, and Valencia's mother, plaintiff Luz
Southard, suffered severe emotional distress, including extreme mental anguish and emotional
and physical pain and suffering.  Valencia's mother's anguish was exacerbated because she did
not find out for two days whether her son  had been killed.

50.  Defendants are directly and vicariously responsible for Hizballah's actions because
they funded, trained, and directed Hizballah and acted in concert with Hizballah in sponsoring
the terrorist attack on Khobar Towers.

51.  Plaintiffs Valencia, Broadway, and Wolfe were intended and directly affected victims
of defendants' plan to intentionally inflict emotional distress on the victims of their terrorist acts,
and are entitled to compensation under Florida law.  Valencia's mother, Luz Southard, was also
an intended and directly affected victims of defendants' plan to intentionally inflict emotional
distress on the victims of their terrorist acts, which are fully intended to affect and harm the close

12

family members of those killed and wounded no less than the physical victims themselves. Plaintiff Luz Southard, as the mother of plaintiff Valencia, is entitled to recover damages for her emotional distress under the law of Texas and Florida.

52.  For the reasons stated above, Defendants are jointly and severally liable to all Plaintiffs for the intentional infliction of emotional distress.

WHEREFORE, Plaintiffs demand that judgment be entered against Defendants, jointly and severally, in an amount to be determined at trial, but not less than Twenty Million Dollars ($20,000,000) for each plaintiff.

## Count V

## Solatium and Loss of Consortium

53.  Plaintiffs incorporate by reference paragraphs 1 through 52 above as if fully set forth at length.

54.  As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizballah members, whose acts were funded and directed by Iran and by MOIS and the IRGC, Plaintiff Luz Southard was deprived of the assistance, society and companionship of her son, Cielito Valencia, for extended periods of time when he was severely injured and incapacitated.  She is still deprived of the assistance, society, and companionship of the healthy and vibrant son she knew and loved prior to the terrorist attack described above.  This has caused her to suffer, among other things, extreme mental anguish and emotional and physical pain and suffering.

55.  As a result, Plaintiff Luz Southard is entitled to damages for solatium and/or loss of consortium under 28 U.S.C. § 1605A(c), or alternatively under Texas or Florida law, pursuant to the operation of Section 1606 of the FSIA.

56. For these reasons, Defendants are jointly and severally liable to plaintiff Luz Southard in an amount to be determined at trial, but not less than Ten Million Dollars ($10,000,000).

## Count VI

## Punitive Damages

57.  Plaintiffs incorporate by reference paragraphs 1 through 56 above as if fully set forth

at length.

58.  The actions of defendants acting in concert to carry out their unlawful objectives were malicious and willful, wanton and reckless in their disregard for human life and limb, and caused severe injuries to Plaintiffs Valencia, Broadway, and Wolfe, and untold pain and suffering to tghem and to Valencia's mother, plaintiff Luz Southard.

59.  The actions of Hizballah were undertaken at such time as they were operating for and in the service of Defendants Iran, MOIS, and the IRGC, and in concert with those defendants, which are therefore both vicariously and directly liable to plaintiffs.

60.  Defendant Iran is directly liable for its own actions and vicariously liable for the actions of its officials, agents, and/or employees, including MOIS and the IRGC, who performed acts within the scope of their offices, agencies, and/or employment, which caused severe injuries to plaintiffs.

61.  For the reasons stated above, and pursuant to 28 U.S.C. § 1605A(c) and 1605 note, which specifically authorize a cause of action for punitive damages in civil actions for money damages resulting from state sponsored terrorist acts, Defendants Iran, MOIS and the IRGC are jointly and severally liable to plaintiffs for punitive damages.  Plaintiffs demand an award of punitive damages against those defendants jointly and severally, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000).

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs request that the Court grant judgment in their favor and against Defendants on Counts I through VI, and grant Plaintiffs:

A.  Compensatory damages in favor of plaintiffs as against Defendants jointly and severally, in the amounts demanded hereinabove;

B.  Punitive Damages in favor of Plaintiffs as against Defendants in the amount demanded hereinabove;

C.  Reasonable costs and expenses;

D.  Reasonable attorneys' fees; and

E.  Such other and further relief as the Court may determine to be just and equitable in the circumstances.

Respectfully submitted,


_/s/__Paul G. Gaston_____
Paul G. Gaston (DC Bar # 290833)
LAW OFFICES OF PAUL G. GASTON
1120 19th Street, NW, Suite 750
Washington, DC 20036
202-296-5856

*Attorney for Plaintiffs*

88 -533
RCL

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Cielito Valencia, Luz Southard, Steven Eugene Wolfe, Sonia Turner Broadway

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Paul G. Gaston
Law Offices of Paul G. Gaston
1120 19th Street, NW, Suite 750
Washington DC 20036
tel. 202-296-5856

## DEFENDANTS

Islamic Republic of Iran, Iranian Ministry of Information and Security, Iranian Islamic Revolutionary Guard Corps

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAN
ATT

Case: 1:08-cv-00533
Assigned To : Lamberth, Royce C.
Assign. Date : 3/28/2008
Description: PI/Malpractice

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)

○ 2 U.S. Government Defendant
⊙ Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ⊙ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ⊙ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ A. *Antitrust*

☐ 410 Antitrust

⊙ B. *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ C. *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ E. *General Civil (Other)*    OR    ○ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans<br>(excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. Section 1605A, 1605 note, action for personal injury under FSIA against state sponsor of terrorism and its agents

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ $500,000,000 | Check YES only if demanded in complaint |
|---|---|---|---|
| | | **JURY DEMAND:** | YES ☐   NO ☒ |

| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES ☑   NO ☐ | If yes, please complete related case form. |
|---|---|---|---|

DATE 3/28/08   SIGNATURE OF ATTORNEY OF RECORD   *Paul G. Gaston*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.